UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Frederick Dryer, et al.,  Civil No. 09-2182 (PAM/AJB)
on behalf of themselves and all
others similarly situated,

                    Plaintiffs,

v.  **MEMORANDUM AND ORDER**

National Football League,

                      Defendant.

---

This matter is before the Court on Lead Settlement Counsel's Motion to Enforce the Injunction in the Preliminary Approval Order. For the reasons that follow, the Motion is granted.

**BACKGROUND**

In preliminarily approving the settlement in this matter, the Court entered an Order that conditionally certified a settlement class and provided procedures both for objecting to the settlement and for opting out of the settlement class. To effectuate the orderly management of the issues in the case, the Court also ordered that "[a]ll Class Members and their legally authorized representatives, unless and until they have timely and properly excluded themselves from the Settlement Class" are preliminarily enjoined from filing or commencing any lawsuits "arising out of the Claims and causes of action, or the facts and circumstances at issue, in the case and/or the Released Claims." (Docket No. 270 at 19.) The injunction also prohibits the class members and their legal representatives from

"[d]isseminating to members of the Settlement Class or publishing in any form . . . any materially false or misleading information regarding the terms of this Settlement or Settlement Agreement."  (Id.)

In the past two weeks, putative class members and their attorneys have filed two new lawsuits in other Districts:  Culp v. NFL Productions, LLC, 1:13-cv-4999 (D.N.J. filed Aug. 20, 2013), and  Tatum v. Nat'l Football League, 2:13-cv-1272 (W.D. Pa. filed Aug. 30, 2013).[1]  The allegations in these lawsuits are substantively identical to the claims in this matter, which contend that the NFL is violating federal and state rights of publicity by using former players' images in NFL Films' productions without compensating the players for that use.  The Culp lawsuit, in particular, was filed with much publicity and fanfare, including the attorneys publicly encouraging individuals to opt out of the instant case so that those individuals could participate in the new case.

---

[1] The Tatum case is a purported mass action with more than 550 plaintiffs.  At least four of the plaintiffs named in Tatum, however, did not authorize the attorneys to file a lawsuit on their behalf.  Counsel claimed at the status conference that the inclusion of some of these individuals was a clerical error, but his motion to dismiss as to those individuals does not mention any such error and indeed implies that counsel is or was authorized to represent those individuals.  See Motion to Dismiss (Docket No. 1), Tatum v. Nat'l Football League, 2:13-cv-1272 (filed Sept. 3, 2013).  Tatum counsels' failure to ensure that those named as plaintiffs wished to be so named bolsters the Court's suspicions about the motivations for these late-filed actions.  Further, counsel's failure to secure permission from some plaintiffs before filing the lawsuit detracts from his claim to be concerned only with the protection of the Tatum plaintiffs' rights.

**DISCUSSION**

There can be no doubt that the filing of the Culp and Tatum lawsuits violates the letter and the spirit of the injunction in force in this case. Although it might be understandable for an individual plaintiff to believe that the injunction does not apply to him because he mailed in an opt-out request, it is disingenuous for an attorney to claim the same mistaken belief. Attorneys know how class actions work, and they also know that a putative class member is not released from a class until two things happen: first, a class is certified, and second, the Court finds that the class member has properly opted out of that class. Here, neither of these prerequisites has occurred.

Moreover, the injunction does not simply restrain putative class members, it also restrains their legal representatives. The attorneys in the Culp matter are attorneys of record in this case, purporting to represent at least some of the putative Plaintiff class. Their conduct directly violates the injunction. And the attorneys in the Tatum matter similarly purport to represent more than 550 individuals who are part of the putative class.[2] Having undertaken that representation, they are bound by the Court's orders with respect to the putative class.

**A.     Effectiveness of Opt-Outs**

Counsel for the Culp and Tatum plaintiffs have submitted to the Court caselaw that they contend establishes that opt-outs are effective when mailed. They argue that this proves

---

[2] As noted above, Tatum counsel's representation of at least some of these 550-plus individuals is in question.

that the filing of the two new lawsuits was appropriate and within the opt-out Plaintiffs' rights. They ignore the glaring differences between the cases they cite and the instant matter. First, the class here is only conditionally certified and thus any "opt-out" depends on whether the Court actually certifies the class, which necessarily includes the determination that each opt-out was timely and properly made. Second, and more importantly, the Court specifically enjoined any putative class member from initiating further litigation in this matter. It should have been self-evident to the lawyers involved that this injunction restrains them and their clients from filing any lawsuit until the final approval hearing. The injunction interpreted otherwise is essentially meaningless.

Both <u>Culp</u> counsel and <u>Tatum</u> counsel rely heavily on a 1976 case from the Northern District of California, <u>McCubbrey v. Boise Cascade Home & Land Corp.</u>, 71 F.R.D. 62 (N.D. Cal. 1976). But the issue in that case was far different than the issue presented here. In <u>McCubbrey</u>, the court determined that putative class members who failed to submit requests for exclusion from the class were nonetheless not barred from instituting litigation during the opt-out period, because the commencement of that litigation constituted the putative plaintiff's notice of intent to opt-out. <u>Id.</u> at 67. Here, the issue is not whether the <u>Culp</u> and <u>Tatum</u> plaintiffs wish to opt out (although some apparently do not, <u>see</u> n.4 <u>supra</u>), but whether the mere mailing of their opt-out requests released these putative <u>Dryer</u> plaintiffs from the Court's injunction. <u>McCubbrey</u> and its progeny do not address that issue and are thus unpersuasive.

4

In this case, the opt-outs are not and cannot be effective unless and until the Court finally certifies a settlement class and finally approves the settlement, including determining which class members have timely and properly asked to be excluded from the class. As all parties realize, the settlement is controversial and its approval and the accompanying final certification of a plaintiff class are not a foregone conclusion. Counsel do not explain what will happen to these new cases if the Court does not approve the settlement and thus does not certify a class. This fact alone eviscerates their contention that the injunction does not apply to individuals who have requested exclusion from the as-yet-uncertified class. There can be no doubt that the filing of Culp and Tatum violated the injunction against related litigation.

**B.     Statute of Limitations Issues**

Counsel for Culp and Tatum also contend that the filing of the two new lawsuits was necessary because the statute of limitations, which was tolled on the filing of the Dryer action, would begin running as of the date any putative class member sought opt-out status. This argument ignores both logic and the fact that, if an injunction is in place preventing the filing of any related litigation, the statute of limitations is necessarily tolled until that injunction expires. Indeed, the cases on which counsel rely support the conclusion that the limitations period here does not begin to run again until the class is finally certified at the final approval hearing.

First, there is no dispute that the statute of limitations for individual class members' claims is tolled as of the filing of a putative class action, and until either those class members opt out of a certified class or until class certification is denied. See In re WorldCom Sec.

5

Litig., 496 F.2d 245, 250-51 (2d Cir. 2007) (citing cases). Counsel relies on In re WorldCom as support for their contention that "dire statute of limitations consequences would result" if the Court enforces its injunction. (Opp'n Mem. (Docket No. 376) at 21.) But WorldCom's holding is contrary to counsel's contentions here. The WorldCom court held that a member of a plaintiff class can reap the benefit of the class-action tolling even if that plaintiff also files her own individual lawsuit, raising the same claims. Id. at 252. In other words, a putative class-action plaintiff's claims are tolled whether or not that plaintiff files an individual action. "The filing of a class action tolls the statute of limitations 'as to all asserted members of the class.'" Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350 (1983) (quoting Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554 (1974)). That tolling period, in the words of the WorldCom panel, runs "at least so long as they continue to be members of the class." WorldCom, 496 F.3d at 255.

The WorldCom court gave two examples of when a putative class member might "cease to be members of the class" — "when they opt out or when the certification decision excludes them." Id. Counsel ignores the second clause of this example, and gives undue weight to the first. In the unique context of this case, and as discussed previously, no putative class member is excused from the class unless and until the Court certifies the class and excuses those individuals who wish to be excluded. Thus, putative Dryer class members "cease to be members of the class . . . when the certification decision excludes them." Id. The statute of limitations is tolled until then.

6

Other cases on which counsel rely similarly support the conclusion that the statute of limitations for all Dryer class members is tolled at least until the Court's final certification decision. See, e.g., Abernathy v. United States, 108 Fed. Cl. 183, 187 (Fed. Cl. 2012) ("The limitations period is tolled until certification of a class is denied . . . ."); Choquette v. City of New York, 839 F. Supp. 2d 692, 699 (S.D.N.Y. 2012) ("[T]olling ends when . . . a class certification decision of the court definitively excludes that plaintiff."). And again, none of the cases cited involve a conditionally certified settlement class for which an injunction prohibits the filing of additional litigation. In this context, there can be no doubt that the statute of limitations is tolled until the Court lifts the injunction by excluding those putative plaintiffs who wish to be excluded and have timely and properly expressed that to the Court.

Both counsel take issue with Lead Settlement Counsel's ostensible lack of legal authority for this Motion, attacking as inapposite the case on which Lead Settlement Counsel relies. The implication of their attack is that courts have ruled against Lead Settlement Counsel's position, which as discussed above is not true. The lack of apposite legal authority means only that this kind of conduct has not happened frequently in the past. As officers of the Court, lawyers are expected to follow court orders, and given the dearth of caselaw discussing similar situations, it is apparent that most lawyers do so. The lawyers here, however, believe themselves not subject to such strictures. As stated at the status conference, their behavior, which is calculated only to doom the settlement in this matter, shocks the Court's conscience.

**CONCLUSION**

The attorneys and plaintiffs involved in the two newly filed matters have violated the injunction against commencing any proceedings "arising out of the Claims and causes of action, or the facts and circumstances at issue, in the case and/or the Released Claims." Accordingly, **IT IS HEREBY ORDERED that**:

1. Lead Settlement Counsel's Amended Motion to Enforce Injunction (Docket No. 359) is **GRANTED**;

2. Attorneys Stein and King shall dismiss Culp v. NFL Productions, LLC, 1:13-cv-4999 (D.N.J. filed Aug. 20, 2013), immediately and without prejudice, and shall issue a public statement stating that the suit has been dismissed because it was filed in violation of this Court's Order;

3. Attorneys Luckasevic and Shipp shall dismiss Tatum v. Nat'l Football League, 2:13-cv-1272 (W.D. Pa. filed Aug. 30, 2013), immediately and without prejudice, and shall issue a public statement stating that the suit has been dismissed because it was filed in violation of this Court's Order;

4. Plaintiffs' Lead Settlement Counsel shall post on the Settlement Website and send to persons who submitted requests to be excluded from the Dryer settlement a corrective notice allowing these individuals ten additional business days to reconsider their decision and withdraw their requests for exclusion;

5. The injunction set forth in the Preliminary Approval Order (Docket No. 270) applies to all putative class members and their legally authorized representatives, and continues until this Court has entered final judgment in the case; and

6. The Settling Parties may file their papers and report in support of the Motion for Final Approval or in response to objections by October 4, 2013.

Dated: September 6, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge