UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Frederick Dryer, et al.,                                  Civil No. 09-2182 PAM/AJB

               Plaintiffs,
                                                              **ORDER ON MOTIONS**
v.                                                            **FOR ATTORNEYS' FEES**

National Football League,

               Defendant.


This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on motions for attorneys' fees and expenses by multiple law firms representing the plaintiff class of retired professional football players. Hearing on the motions was held on November 21, 2013, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415. The motions have been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Order by the district court dated November 1, 2013.

Fees applications were submitted on behalf of each of the law firms as referenced herein along with appearances of counsel. Daniel E. Gustafson, Esq., and Karla M. Gluek, Esq., appeared on behalf of Gustafson Gluek PLLC [Docket No. 280]; Charles Zimmerman, Esq., and J. Gordon Rudd, Esq., appeared on behalf of Zimmerman Reed PLLC [Docket No. 289]; Daniel S. Ward, Esq., appeared on behalf of Ward & Ward PLLC [Docket No. 287]; Robert Stein, Esq., appeared on behalf of Bob Stein LLC [Docket No. 285]; James J. Pizzirusso, Esq., appeared on behalf of Hausfeld LLP [Docket Nos. 291 and 434[1]]; and Shawn D. Stuckey, Esq., appeared on

---

[1] Docket No. 434 is Hausfeld LLP's Supplemental Notice Regarding Additional Expenses Incurred, filed on November 20, 2013, seeking costs incurred subsequent to the firm's initial fee application.

behalf of Zelle Hofmann Voelbel & Mason LLP [Docket No. 282]. A motion for fees and expenses was also submitted by Shawn M. Raiter, Esq., on behalf of Larson King LLP [Docket No. 278]. There was no appearance on behalf of defendant National Football League ("NFL").

The proposed class settlement in this matter provided that the NFL would pay $7,550,000 for the purpose of paying plaintiffs' attorneys' fees and expenses awards.[2] The district court granted preliminary approval of the class settlement by Order dated April 5, 2013.[3] The court therein appointed Daniel Gustafson as Plaintiffs' Lead Settlement Counsel for the Settlement Class. The Order further instructed counsel for the various plaintiff firms to serve and file applications for fees and expenses, subject to expressly stated criteria, by May 30, 2013. Lead settlement counsel was directed to thereafter review and audit the applications and make recommendations to the court as to specific awards. Counsel were permitted to submit objections to the recommendations of lead settlement counsel. Participating plaintiff firms filed the fees applications that are presently before the court, and lead settlement counsel filed an Audit Summary and Recommendations for Attorneys' Fees, Reimbursement of Expenses, and Service Awards on July 1, 2013.[4]

The lead settlement counsel recommended that $1,250,000 of the total (proposed) available amount of $7,550,000 be set aside for use by a Licensing Agency to establish and fund initial operating expenses, and $100,000 be set aside for costs related to the final settlement approval process, leaving $6,200,000 available for allocations of attorneys' fees and expenses.

---

[2] [Docket No. 261].

[3] [Docket No. 270], filed on April 8, 2013.

[4] [Docket No. 293].

Two alternative distribution plans were put forth, each recommending specific fee and expense awards for each plaintiff firm, giving consideration to the criteria established by the court and the finite pool of funds available for distribution.

The primary distinction between the alternative allocation plans was the exclusion of Ward & Ward PLLC and Bob Stein LLC from participation in the distribution under one of the plans.  The basis for excluding these law firms was the refusal of those counsel and their clients to timely execute the Settlement Agreement, together with an interpretation of the Settlement Agreement and the district court's April 8, 2013, Order, that would prohibit those firms from receiving a share.  The second allocation plan provided that Ward & Ward PLLC and Bob Stein LLC receive allocations, based substantially upon their roles as originating firms in the litigation, and further acknowledging their active participation and involvement in many aspects of the litigation, including settlement negotiations.  However, while the submitted claims of all the participating firms were discounted in light of the limited resources, the second allocation alternative provided additional exclusions and downward adjustment to the claims submitted by Ward & Ward PLLC and Bob Stein LLC on grounds that a significant amount of their time was devoted to the interests of individual clients rather than the interests of the class as a whole.  In addition, the auditor determined that the efforts of those firms to upset the settlement were not beneficial to the class.  Moreover, the contrarian efforts of these firms and their clients caused the other plaintiff firms to spend a greater amount of time to reach the ultimate agreement which the court found to be eminently reasonable and beneficial to the class.[5]

---

[5] The magistrate judge, having actively participated in much of the settlement process, gives no credence whatsoever to contentions that certain counsel were willing to settle too quickly and cheaply, and that the efforts of Ward & Ward PLLC and Bob Stein LLC were

In its Memorandum and Order[6] certifying a settlement class and granting plaintiff's motion for final approval of the class settlement, the district court required defendant NFL to deposit $7,550,000 into a Settlement Escrow Account to be used to (1) pay awards of attorney's fees and expenses; (2) pay service awards to certain Settling Plaintiffs; and (3) establish and fund initial operating expenses of the Licensing Agency.  Lead Settlement Counsel was directed to submit a report and recommendations for class representative awards to the magistrate judge for consideration by the magistrate judge in his review and determinations on fees and expenses.

## DISCUSSION

In considering the applications for fees and expenses submitted by plaintiffs' counsel, Lead Settlement Counsel assiduously reviewed the materials and followed the district court's instructions in the April 8, 2013, Order granting preliminary approval of the settlement. Based upon the court's directions, fees claims were excluded for:

A. Read and review time by a person not directly involved on a project;

B. Time spent in discussion of expenses or assessments;

C. Time use that was not adequately described;

D. Clerical time;

E. Time billed by two or more people from the same firm for the same event;

F. Time spent on leadership and Rule 23(g) motions, motions to consolidate and appoint interim class counsel and related matters;

---

significantly effective in increasing the NFL's final contribution to settlement beyond an amount that might otherwise have been obtained for the class.

[6] [Docket No. 431].

      G.      Time spent for the benefit of individual clients that did not benefit the class as a whole;

      H.      Time spent on certain specified claims and motions; and

      I.      Unrelated cases.

Expense reports were reviewed and claims were adjusted to reduce or exclude amounts for first-class airfare, hotel rooms in excess of $400, alcohol, entertainment, copy fees, unnecessary car service, undocumented and/or unauthorized expenses, regular office overhead, unrelated case expenses, and mathematical errors. Hourly rates for attorneys and staff were standardized and attorney rates were applied on the basis of the attorney's years of experience. Finally, certain assessments and determinations were made with respect to each firm's contribution towards achieving the final results of the litigation.

In light of the edited and revised fees and expense claims, and the finite funds available to satisfy the claims, and further concluding that the Stein and Ward firms could properly be excluded from the distribution based upon their failure or refusal to execute the Settlement Agreement, Lead Settlement Counsel recommended that the Stein and Ward firms receive no share of the $6,200,000 attorney fees and expenses allotment. Nonetheless, an alternative disbursement recommendation was provided to the court which provides for an award of fees and expenses to those firms at a substantial reduction from their lodestar submissions. The reductions were the result of the above-described exclusions that were applied to the submissions of all the participating firms, as well as additional reductions relating to those firms' resistance to the class-wide settlement on behalf of individual clients. Of course, the alternative allocation allowing some compensation and expense reimbursement to the Stein and Ward firms results in a corresponding reduction in amounts to be received by the remaining law firms.

**OBJECTIONS**

No timely objections to the lead settlement counsel's recommendations were submitted on behalf of the Gustafson Gluek firm, the Zelle Hofmann Voelbel & Mason firm, the Larson King firm, or the Hausfeld firm.  The Zimmerman Reed firm filed a response[7] objecting to the exclusion of time in several categories, generally asserting that the time at issue in various categories of exclusion was compensable and properly charged, particularly instances in which more than one attorney participated in an event and claims for which time descriptions were incomplete.  Nonetheless, Zimmerman Reed acknowledges that funds available to pay plaintiff attorney fees awards in this matter is limited and must be distributed among a number of law firms.  Each objection is therefore accompanied by the request that the firm be compensated in the event additional money becomes available for payment of attorneys' fees rather than asserting a claim to a greater proportionate share of the current fund.  The Ward firm similarly objected[8] to time exclusions, as well as certain expense denials, and Mr. Stein filed an objection[9] alleging that he was not given the standardized hourly rate that similarly experienced lawyers received, and also suggesting that his contributions were undervalued, relative to the contributions of co-counsel.  Stein further contends that exclusions for incomplete time descriptions cannot properly be applied to him because he is a sole practitioner and this is his only case, and all his recorded time is therefore case related.  Finally, the Hausfeld firm

---

[7] [Docket No. 351].

[8] [Docket No. 354].

[9] [Docket No. 350].

submitted a Supplemental Notice Regarding Additional Expenses Incurred[10] which is essentially an objection to any distribution to the Ward and Stein firms and the consequent reduction in fees awards to other firms that would necessarily result.

An award of attorney fees is committed to the sound discretion of the court. In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation, 364 F.Supp.2d 980, 991 (D. Minn. 2005). Decisions of the district court regarding attorney fees in a class action settlement will not generally be set aside in the absence of a showing of abuse of discretion. Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1156 (8th Cir. 1999).

Objections to the recommended distributions based upon time exclusions are **overruled**. The lead settlement counsel considered the objections and reaffirmed its initial recommendation(s). The court **finds** that the exclusions were applied thoughtfully, fairly, and in a consistent manner as to all the law firms now asserting claims, including the Ward and Stein firms. In particular, the court **finds** no basis whatsoever for a claim of bias with respect to the contributions Mr. Stein. Furthermore, lead settlement counsel states that Mr. Stein's contention that he was not given the benefit of the maximum standardized hourly rate is incorrect and that the $600 rate was indeed applied to all of Stein's time that was allowed after exclusions were applied. The court **finds** no evidence of bias either against or in favor of any firm involved in this fees distribution and finds that the proper hourly rate was applied to Mr. Stein's billing.[11]

---

[10] [Docket No. 434].

[11] Lead settlement counsel indicates that Mr. Stein's rates were adjusted upward to the standardized hourly rate of $600 per hour, even though he actually charged at a lower rate, while other firms, including lead settlement counsel's firm, were essentially penalized by adjustments resulting from rate caps. The court notes that Mr. Stein's arguments regarding his status as the sole attorney in his firm cuts both ways in the fees rate discussion because multi-attorney firms

**Ward and Stein Compensation.**  Clearly the most profound effect on the availability of funds to compensate plaintiffs' counsel relates to the decision on whether the Ward and Stein firms should receive any portion of the $6,200,000 attorneys' fees allocation,[12] and if so, how much.  In that regard it is the court's determination that Bob Stein LLC and Ward & Ward, PLLC are entitled to compensation for attorney fees and reimbursement of expenses and are awarded the amounts recommended in lead settlement counsel's alternative recommendation as provided in this Order.

The court concludes the Stein and Ward firms could properly be precluded from receiving a distribution based upon their failure to execute the Settlement Agreement, as well as their efforts to impede the settlement on behalf of the class of professional football players as the settlement was ultimately manifested, instead giving deference to the interests of individual clients.  See Petrovic v. Amoco Oil Co., 200 F.3d at 1156.  Nonetheless, the court further **concludes** that awards to both the Stein and Ward firms are justified on the grounds that those firms played important roles in the origination of the suit and its early inception as a class, and that the amounts recommended in the lead settlement counsel's alternative recommendation accurately reflect the contributions of the Stein and Ward firms towards advancement of the

---

are often able to assign certain tasks to associates or clerical staff at substantially lower hourly rates.  Furthermore, Mr. Stein continues to represent opt-out clients in another action which has the potential (in his view) of generating additional fees for Bob Stein LLC.

[12] None of the fees claimants has expressed direct objection to setting aside $1,250,000 for use by a Licensing Agency to establish and fund initial operating expenses and $100,000 for costs related to the final settlement approval process.  Those amounts are taken from the total initial $7,550,000 provided in the settlement agreement for such purposes.  Likewise, there is no objection to designations of $2,500 service awards to each of three individual plaintiffs, to be taken from the remaining $6,200,000.  The court finds all of those allocations to be appropriate and they are approved without further discussion.

litigation on behalf of the entire class, with appropriate and reasonable exclusions and reductions for attorney fees and expenses which did not promote the interests of the class or favored the interests of individual plaintiffs over the interests of the class.

Based upon the file, affidavits, exhibits, memoranda and arguments of counsel, the magistrate judge makes the following:

## ORDER

1. Objections to the audit summary and recommendations of the Plaintiff's Lead Settlement Counsel are **overruled**, and recommendations of Plaintiff's Lead Settlement Counsel are hereby **adopted** as specifically set forth herein.

2. The amount of $1,250,000.00 shall be set aside for establishment and initial operation expenses of the Licensing Agency as contemplated in the Settlement Agreement.

3. Darrell Thompson, Fred Barnett, and Tracy Simien are each granted awards in the amount of $2,500 for their service as plaintiffs in this matter.

4. Larson King's Motion for Attorneys' Fees and Reimbursement of Expenses is **granted** as stated herein [Docket No. 278]. Larson King LLP is awarded attorneys' fees in the amount of $425,000.00 and reimbursement of expenses in the amount of $125,380.38.

5. Gustafson Gluek's Motion for Attorneys' Fees and Reimbursement of Expenses is **granted** as stated herein [Docket No. 280]. Gustafson Gluek PLLC is awarded attorneys' fees in the amount of $500,000.00 and reimbursement of expenses in the amount of $141,926.93.

6. Zelle Hofmann Voelbel & Mason LLP's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses is **granted** as stated herein [Docket No. 282]. Zelle

Hofmann Voelbel & Mason LLP is awarded attorneys' fees in the amount of $375,000.00 and reimbursement of expenses in the amount of $108,530.39.

7. Bob Stein LLC's Application for Award of Attorneys' Fees and Reimbursement of Expenses is **granted** as stated herein [Docket No. 285]. Bob Stein LLC is awarded attorneys' fees in the amount of $445,000.00 and reimbursement of expenses in the amount of $7,324.10.

8. Ward & Ward, PLLC's Application for Award of Attorneys' Fees and Reimbursement of Expenses is **granted** as stated herein [Docket No. 287]. Ward & Ward, PLLC is awarded attorneys' fees in the amount of $525,000.00 and reimbursement of expenses in the amount of $51,620.06.

9. Zimmerman Reed's Motion for Attorneys' Fees and Reimbursement of Expenses is **granted** as stated herein [Docket No. 289]. Zimmerman Reed PLLC is awarded attorneys' fees in the amount of $2,214,674.42 and reimbursement of expenses in the amount of $352,704.36.

10. Hausfeld LLP's Motion for Attorneys' Fees and Reimbursement of Expenses is **granted** as stated herein [Docket No. 291]. Hausfeld LLP is awarded attorneys' fees in the amount of $650,000 and reimbursement of expenses in the amount of $270,339.36. Hausfeld LLP's Supplemental Notice Regarding Additional Expenses Incurred, therein seeking additional fees and expenses incurred in reaching the final settlement of this matter, is **denied** [Docket No. 434].

Dated:   December 26, 2013              s/Arthur J. Boylan
                                        Arthur J. Boylan
                                        United States Chief Magistrate Judge