## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| John Frederick Dryer, James Lawrence Marshall, Joseph Michael Senser, Elvin Lamont Bethea, Dante Anthony Pastorini, Edward Alvin White, Fred Lee Barnett, Tracy Anthony Simien, Darrell Alexander Thompson, Jim Ray Smith, Irvin Acie Cross, Bruce Allan Laird, Brian Duncan, Reginald Joseph Rucker, Billy Joe Dupree, Mark Gregory Clayton, Preston Pearson, Reginald McKenzie, Joseph Barney Lemuel, Jackie Larue Smith, Paul James Krause, James Nathaniel Brown, and Michael James Haynes, on behalf of themselves and all others similarly situated, | Case No. 09-cv-2182 (PAM/FLN) |

Plaintiffs,

v. **MEMORANDUM AND ORDER**

National Football League,

Defendant.

_____

This matter is before the Court on Hausfeld LLP's Motion for Permanent Injunction. Hausfeld, one of Plaintiffs' law firms, seeks to enjoin a Minnesota state-court lawsuit initiated by Bob Stein LLC and Ward & Ward PLLC, two other Plaintiffs' law firms. Stein and Ward's state-court lawsuit alleges that Hausfeld breached a fee-sharing agreement between the law firms and now owes Stein and Ward 10% of the attorneys' fees awarded in this case. Hausfeld claims that Stein and Ward are attempting to

relitigate the Court's allocation of attorneys' fees in state court and seeks to enjoin those proceedings.  For the following reasons, Hausfeld's Motion is denied.

## BACKGROUND

"[A]fter months of negotiations, and due to the yeoman's efforts of a group of Plaintiffs, their counsel, the NFL, and the Magistrate Judge," Plaintiffs and the NFL reached a settlement in April 2013.  (Mem. and Order (Docket No. 270) at 2.)  Following preliminary approval of the settlement, Plaintiffs' attorneys moved for fees.  The Court instructed Plaintiffs' Lead Settlement Counsel to review each application for attorneys' fees and recommend specific fee amounts that should be awarded to each law firm.  (Id. at 15.)  Plaintiffs' Lead Settlement Counsel provided a detailed summary and recommendation.  (Rec. on Fees (Docket No. 293) at 1.)  Stein and Ward objected to the recommendation.  (Objs. (Docket Nos. 350, 354) at 1.)  After granting final approval of the settlement, the Court referred the motions for attorneys' fees to then-Chief Magistrate Judge Boylan.  (Mem. and Order (Docket No. 431) at 19.)

After a hearing on the motions for attorneys' fees in November 2013, Magistrate Judge Boylan awarded a total of $6,200,000 in attorneys' fees to seven different law firms.[1]  (Order on Att'y Fees (Docket No. 458) at 8.)  Stein received $445,000, Ward received $525,000, and Hausfeld received $650,000.  (Id. at 10.)  Stein objected to Magistrate Judge Boylan's Order arguing that the fees allocated to Stein and Ward were

---

[1] The settlement provided that the NFL would pay $7,550,000 for the purposes of paying plaintiffs' attorney's fees and expenses.  The $6,200,000 represents a portion of that amount after Magistrate Judge Boylan set aside $1,250,000 for the Licensing Agency to establish and fund initial operating expenses and $100,000 for costs related to the final settlement approval process.

too low.  (Stein's Obj. (Docket No. 492) at 4.)  The Court overruled those objections and affirmed Magistrate Judge Boylan's Order.  (Order (Docket No. 499) at 3.)

In May 2015, the Eighth Circuit Court of Appeals affirmed the approval of the final settlement.  Marshall v. Nat'l Football League, 787 F.3d 502 (8th Cir. 2015).  The Supreme Court denied certiorari in February 2016.  Marshall v. Nat'l Football League, 136 S. Ct. 1166 (2016) (mem.).  In March 2016, the Court ordered the attorneys' fees be distributed.  (Order (Docket No. 645) at 1.)

On August 25, 2016, Ward and Stein filed their lawsuit against Hausfeld in Minnesota state court.  The complaint alleges that Stein and Ward entered into an agreement with Hausfeld to jointly represent Plaintiffs.  (Atmore Aff. (Docket No. 665) Ex. A. at ¶ VI.)  It further alleges that the agreement required Hausfeld to pay Stein and Ward 10% of the attorneys' fees awarded in this case, and that Hausfeld has failed to pay that amount.  (Id. at ¶¶ XIX, XXIII.)  Along with the breach-of-contract claim, Stein and Ward's other claims include promissory estoppel, unjust enrichment, quantum meruit, breach of fiduciary duty, conversion, civil theft, and fraudulent misrepresentation.  (Id. at ¶¶ XXVII-LXXXVI.)

On September 16, 2016, Hausfeld filed this Motion for Permanent Injunction. Hausfeld argues that Stein and Ward are attempting to relitigate in state court the Court's allocation of attorneys' fees, and that the Court may properly enjoin that proceeding under the "necessary in aid of its jurisdiction" and "relitigation" exceptions to the Anti-Injunction Act, 28 U.S.C. § 2283.  (Hausfeld's Mem. in Supp. (Docket No. 664) at 7-13.)

**DISCUSSION**

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act "is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988). Preventing federal courts from intervening in state court proceedings "is important to make the dual system work effectively." Id. The three exceptions to the Anti-Injunction Act are "narrow and are not to be enlarged by loose statutory construction." Smith v. Bayer Corp., 564 U.S. 299, 318 (2011) (quotation and citation omitted). In close cases, any doubts about whether a federal court should enjoin a state-court action "should be resolved in favor of permitting the state courts to proceed." Id. (quotation and citation omitted).

**A.     The "Necessary In Aid of its Jurisdiction" Exception**

The "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act applies when it may be "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Atlantic Coast Line R. Co. v. Bhd of Locomotive Eng'rs, 398 U.S. 281, 295 (1970). The Eighth Circuit limits this exception to in rem claims. Versacold USA, Inc. v. Inland Am. Brooklyn Park Atlas, L.L.C., No. 09cv2669, 2009 WL 3617544, at *2 (D. Minn. Oct. 29, 2009) (Doty, J.) (citing In re Fed.

4

Skywalk Cases, 680 F.2d 1175, 1182-83 (8th Cir. 1982)); see also 17A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4225 (3d Ed. 2016) ("The second exception to the 1948 revision of the statute may be fairly read as incorporating this historical in rem exception.").

Hausfeld does not—and could not—argue that this case is an in rem action. Instead, Hausfeld argues that because the Court has exercised jurisdiction over this litigation for the past seven years, the Court retains ancillary jurisdiction to effectuate its decrees, including jurisdiction over attorneys' fee disputes. (Hausfeld's Mem. in Supp. at 9-10.) Hausfeld cites Marino v. Pioneer Edsel Sales, Inc., 349 F.3d 746 (4th Cir. 2003), and In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 520 F. Supp. 635 (D. Minn. 1981), to support its argument.

The fee disputes in both of those cases, however, were between attorneys and their clients who allegedly owed them fees.  See Marino, 349 F.3d at 753; In re Antibiotic Antitrust Actions, 520 F. Supp. at 650.  Stein and Ward's claims are with co-counsel, not Plaintiffs or the NFL.  If Stein and Ward brought a state-court lawsuit seeking more attorneys' fees against either of those parties, the Court would retain jurisdiction over that dispute, because that lawsuit would directly implicate the award of attorneys' fees.  But that is not what Stein and Ward have done.  They have merely sued their co-counsel for allegedly breaching a fee-sharing agreement.  A state court deciding that issue will not infringe on the Court's jurisdiction.  Indeed, the Eleventh Circuit has held exactly that in a similar case.

In <u>Burr & Forman v. Blair</u>, 470 F.3d 1019 (11th Cir. 2006), two law firms entered into a fee-sharing agreement before beginning joint representation of a class of plaintiffs in a mass tort litigation in federal court.   After the court approved a settlement and awarded attorneys' fees, one of the law firms sued the other for breaching the fee-sharing agreement in state court.  <u>Id.</u> at 1022.  The federal district court enjoined the state court proceedings under the "necessary in aid of its jurisdiction" exception.  <u>Id.</u> at 1026.  The Eleventh Circuit reversed because the breach-of-contract claim against the law firm did not attack the substance of the federal court's judgment.  <u>Id.</u> at 1033.  Instead, the Eleventh Circuit held that the state-court lawsuit was "a run-of-the-mill contract action" that sought "damages, not funds on deposit in the [settlement fund]."  <u>Id.</u>

Like the state-court lawsuit in <u>Burr & Forman</u>, Stein and Ward's state-court lawsuit is also a run-of-the-mill contract action.  And although they frame their relief as a "judgment for the ten percent (10%) of the U.S. District Court-awarded attorneys fees," Stein and Ward really seek damages from Hausfeld in the amount of $199,500.  (Atmore Aff. Ex. A. at ¶ LXI.)

Hausfeld points out that the Court recently ordered $150,000 of Stein's attorneys' fees deposited into the court registry pending resolution of another fee dispute between Zimmerman Reed LLP and Stein.   (Hausfeld's Mem. in Supp. at 9-10.)   But Zimmerman's decision to resolve its dispute in federal court does not mean that Stein and Ward should be required to do so.  Moreover, Stein and Ward's state-court lawsuit is different than the dispute between Zimmerman and Stein because the Court specifically retained jurisdiction over that $150,000 when the Court ordered the money deposited into

the court registry.  In contrast, the Court has no jurisdiction over the money Stein and Ward seek from Hausfeld because the Court has already distributed the rest of the attorneys' fees.

"Because the Court has already granted approval to the [] settlement and entered judgment accordingly, the Court finds the exception 'where necessary in aid of its jurisdiction' to be inapplicable."  Milliron v. T-Mobile USA, Inc., No. 08cv4149, 2009 WL 4798240, at *5 (D.N.J. Dec. 8, 2009).

## B.     The "Relitigation" Exception

The "relitigation" exception to the Anti-Injunction Act was "designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court.  It is founded in the well-recognized concepts of res judicata and collateral estoppel."  Chick Kam Choo, 486 U.S. at 147.  But the Eighth Circuit has held that the relitigation exception's incorporation of res judicata and collateral estoppel extends only to those claims actually litigated in federal court, not to claims which could have been litigated in that forum.  Jones v. St. Paul Companies, Inc., 495 F.3d 888, 892 (8th Cir. 2007).

Stein and Ward did not litigate their breach-of-contract claim against Hausfeld in federal court.  In fact, it would have been impossible for them to do so because Hausfeld could not have allegedly breached the fee-sharing agreement until after the Court awarded and distributed attorneys' fees.  Hausfeld argues that Stein and Ward's state-court lawsuit alleges more than just a breach-of-contract claim and directly implicates the Court's allocation of attorneys' fees.  Although it is true that Stein and Ward's state-court

7

complaint brings more claims than just the breach-of-contract claim, all of the other claims depend on the allegation that Hausfeld breached the alleged fee-sharing agreement.

Next, Hausfeld argues that the relitigation exception applies because Stein and Ward's "claim to an additional percentage from Hausfeld could have been made at any time, and certainly should have been made at the time this Court was deciding whether to approve Magistrate Judge Boylan's recommendations." (Hausfeld Reply Mem. (Docket No. 673) at 4.) Hausfeld cites In re National Student Marketing Litigation, 655 F. Supp 659 (D.D.C. 1987), to support its argument. In that case, a federal court awarded a law firm attorneys' fees after settlement of a large securities class-action case. Id. at 661. The court also awarded fees to an accountant who had provided accounting services to the firm in prosecuting the claims of the class plaintiffs. Id. The accountant had testified on two occasions before the court about his services rendered and his fee application. Id. After the accountant died and the court awarded the accountant's estate $636,496, the accountant's estate sued the law firm in state court alleging that the law firm breached an alleged fee-sharing agreement between the accountant and the law firm. Id. The alleged agreement required the law firm to pay the accountant 20% of the collective award of attorneys' fees. Id.

The federal court enjoined the accountant's estate from proceeding with the state-court action under the relitigation exception. Id. at 662. The court reasoned that the accountant had "ample opportunity" to offer testimony about his fees and raise the matter of the agreement before the court, but the accountant "failed to assert the claim now

asserted by his estate at a time when it could have been fully considered and litigated." Id.  "Obviously any arrangements touching upon the agreement would be integrally related to an appropriate award and should have been presented at that time." Id. at 663.

But the Eighth Circuit foreclosed this type of argument in Jones.  Whether Stein and Ward had ample opportunity to discuss the alleged fee-sharing agreement with Magistrate Judge Boylan is immaterial.  Although Stein and Ward could have informed the Court about their alleged fee-sharing agreement with Hausfeld, their failure to do so does not preclude them from litigating the issue in state court.  No res judicata or collateral estoppel issues are raised.  Stein and Ward's breach-of-contract claim is a separate proceeding, with different parties, about a distinct issue.  It has nothing to do with the award of attorneys' fees in this case except to provide the "data to calculate the amount" that Hausfeld allegedly owes.  (Stein's Opp'n Mem. (Docket No. 670) at 18.)

Finally, Hausfeld cites a number of cases from other jurisdictions where federal courts have enjoined state-court proceedings involving attorneys' fee disputes.  All of them are distinguishable from this case.

In In re Linerboard Antitrust Litigation, MDL No. 1261, 2008 WL 4461914 (E.D. Pa. Oct. 3, 2008), aff'd, 361 F. App'x 392 (3d Cir. 2010), an attorney sued his co-counsel in state court to recover ten percent of the allocated attorneys' fees in an underlying federal lawsuit.  The federal court enjoined the state court from relitigating its award of attorneys' fees and determined that the state-court litigation was not a "personal dispute" but was an attempt "to force a reallocation of the fees" received by the numerous plaintiffs' attorneys.  Id. at *4.

9

But in <u>Linerboard</u>, the attorney did not just sue one of his co-counsel, he sued all of the attorneys that were awarded fees. <u>Id.</u> at *8. The attorney alleged that all of the attorneys "had a duty to take the initiative and deduct 10% from their fee received for their work . . . and forward same to [the attorney who sued in state court]." <u>Id.</u> Furthermore, the <u>Linerboard</u> court determined that if one of the attorneys lost in state court, they "would have a remedy vis-à-vis the other [attorneys] which would affect the overall allocation of the counsel fee." <u>Id.</u> at *9.

Stein and Ward have only sued Hausfeld. And although Stein and Ward characterize their damages as "10% of the underlying U.S. District Court award of attorneys' fees from the underlying U.S. District Court cause of action," they do not seek to redistribute or reallocate the attorneys' fees in this case. What they really seek is $199,500 in damages from Hausfeld for breaching the parties' alleged fee-sharing agreement. Indeed, even if Stein and Ward did seek to reallocate the attorneys' fees, they could not. The Court already distributed the fees. Moreover, if Hausfeld were to lose the state-court lawsuit, it would have no remedy vis-à-vis the other Plaintiffs' attorneys in this case.

In <u>Milliron</u>, a group of attorneys filed, in state court, an additional application for attorneys' fees based on their contributions to the final settlement in a federal lawsuit. 2009 WL 4798240, at *5. The federal court enjoined the attorneys from pursuing their state-court action under the "relitigation" exception because those attorneys had already filed an appropriate application seeking attorneys' fees in federal court, and the court had considered and ruled on that application. <u>Id.</u> at *6.

10

But the attorneys in <u>Milliron</u> not only wanted to relitigate the proper allocation of the fees, they also wanted to relitigate "the size of the pot of attorneys' fees itself" and "enlarge the size of the pot by seeking additional fees directly from the Defendant." <u>Id.</u> Stein and Ward are "not attempting to relitigate a portion of the NFL lawsuit, seek a greater fee application from that lawsuit, or seek additional fees from Defendant NFL." (Stein Opp'n Mem. at 26.)   Stein and Ward are merely suing Hausfeld for allegedly breaching a fee-sharing agreement.

In <u>Silcox v. United Trucking Serv., Inc.</u>, 687 F.2d 848 (6th Cir. 1982), a federal court enjoined a state court from awarding attorneys' fees under the relitigation exception because the federal court had already determined that the plaintiff in the underlying litigation did not have to pay attorneys' fees because the attorney was not licensed to practice law during his representation.   Again, Stein and Ward are not demanding additional fees from Plaintiffs or the NFL, nor are they seeking to relitigate the award of attorneys' fees.   They are merely seeking to litigate a breach-of-contract claim against Hausfeld that the Court has never before heard.

**CONCLUSION**

The "necessary in aid of its jurisdiction" and "relitigation" exceptions to the Anti-Injunction Act do not apply because Stein and Ward's state-court lawsuit involves a separate breach-of-contract claim that will not disturb the Court's award of attorneys' fees. Accordingly, **IT IS HEREBY ORDERED that** Hausfeld's Motion for Permanent Injunction (Docket No. 662) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 7, 2016          *s/ Paul A. Magnuson*
                                 Paul A. Magnuson
                                 United States District Court Judge